UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN ELCOCK,

                                                      Plaintiff,     **COMPLAINT &**
                                                                      **JURY DEMAND**
          -against-

CITY OF NEW YORK, POLICE OFFICER INGRAM,    19CV4598
JOHN DOE OFFICERS #1-3 AND JANE DOE OFFICER
#1,

                                                                  Defendants.

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. § 1983 for the violation of his Fourth, Fifth, and Fourteenth Amendment rights, and the laws and Constitution of the State of New York.

2. The claim arises from a December 27, 2018 incident in which New York City Police Department ("NYPD") officers, acting under color of state law, assaulted plaintiff inside Queens Central Booking, and thereby violated Mr. Elcock's rights.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **PARTIES**

4. Plaintiff Jonathan Elcock is a resident of Kings County, New York.

5. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD

matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

6. Defendant officers were at all times here relevant police officers of the NYPD, and as such were acting in the capacities of agents, servants, and employees of the City of New York. On information and belief, at all times relevant hereto, Officer Ingram, John doe Officers #1-3 and Jane Doe Officer #1 were involved in the assault of plaintiff without cause or failed to intervene in the actions of their fellow officers when they observed them assaulting plaintiff. They are sued in their individual capacities.

7. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

8. Within 90 days of the events giving rise to these claims, plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

9. On December 27, 2018, Mr. Elcock was incarcerated in Queens Central Booking awaiting arraignment on an unrelated matter.

10. After several hours, Mr. Elcock began to complain to Officer Jane Doe about the length of time he had been waiting inside the cell. At approximately 9PM, Officer Ingram approached the outside of plaintiff's cell. Officer Ingram called plaintiff several inflammatory names and

told him to "shut up before he made him shut up".

11. Officer Ingram then entered the cell and struck plaintiff several times in the face and head area.

12. Officer Ingram then left the cell and closed the gate. Concerned he had been injured by the punches, plaintiff spit on the floor. He realized he had spit blood.

13. Officer Ingram opened the cell gate again, stepped into the cell and pulled plaintiff to the cell door area. Officer Ingram struck plaintiff in the face again.

14. The repeated assaults on plaintiff were witnessed by Officer Jane Doe who was by a desk just outside the cell. While plaintiff was being struck near the cell door, Officer Jane Doe approached, held plaintiff by the arms and escorted him to another cell. John Doe Officers, who were also working in the cell area, witnessed the attack but did nothing to stop it.

15. Once inside the other cell, plaintiff lost consciousness. Eventually EMS arrived and plaintiff was taken to Jamaica Hospital.

16. Plaintiff suffered fractures to both the left and right sides of his jaw and his front tooth was pushed back and chipped. He was bleeding profusely and couldn't close his mouth. He underwent surgery for the fractures and four screws were placed inside his jaw. He also received stitches on his lip. Plaintiff remained in the hospital for several days.

17. Over the next few months, plaintiff made several visits to the hospital and the dentist. Approximately three months after the incident, plaintiff underwent surgery again to remove the screws from his jaw. He also had the chipped front tooth fixed.

18. At all times during the events described above, the defendant officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence

and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

20. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    b. Violation of his rights under Article I of the New York State Constitution;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, frustration, extreme inconvenience, shame, and anxiety.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983

21. The above paragraphs are here incorporated by reference.

22. By repeatedly striking plaintiff in the face and head defendants used excessive force against him, and failed to intervene in each other's obviously illegal actions.

23. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

24. Plaintiff was damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
ASSAULT & BATTERY

25. The above paragraphs are here incorporated by reference.

26. By repeatedly striking plaintiff in the head and face, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

27. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

28. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### THIRD CAUSE OF ACTION
RESPONDEAT SUPERIOR

29. The above paragraphs are here incorporated by reference.

30. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

31. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

   a. On the First Cause of Action, compensatory and punitive damages in sums which exceed the jurisdictional limits of all lower courts, plus costs, disbursements and reasonable attorneys' fees;

   b. On the Second Cause of Action, compensatory and punitive damages in sums which exceed the jurisdictional limits of all lower courts, plus costs, disbursements and reasonable attorneys' fees;

   c. On the Third Cause of Action, compensatory and punitive damages in sums which exceed the jurisdictional limits of all lower courts, plus costs, disbursements and reasonable attorneys' fees;

   d. For such other relief as this court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

| | |
|---|---|
| DATED:	August 9, 2019<br>		Brooklyn, New York | Respectfully yours,<br><br>*/s/ Nicole Bellina* |
| TO:<br>City of New York<br>100 Church St.<br>New York, NY 10007<br><br>Police Officer Ingram | Nicole Bellina, Esq.<br>Stoll, Glickman & Bellina, LLP<br>300 Cadman Plaza West Fl.12<br>Brooklyn, NY  11201<br>(718) 852-3710<br>nbelllina@stollglickman.com |